Argued and submitted October 16, 1985, affirmed as modified February 12,1986

In the Matter of the Marriage of
THOENNES,
*Appellant - Cross-Respondent,*
*and*
THOENNES,
*Respondent - Cross-Appellant.*
(D84-0165; CA A34955)
713 P2d 1092

Patrick J. Furrer, Tigard, argued the cause for appellant - cross-respondent. With him on the brief was Furrer & Scott, Tigard.

Douglas L. Minson, Hillsboro, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

## ROSSMAN, J.

■ Wife appeals from a dissolution decree, claiming that the trial court awarded husband an excessive portion of the property.[1] Husband cross-appeals, claiming that the trial court failed to take into consideration monthly benefits of $343 that wife will receive from his retirement program. We review *de novo* and conclude that the decree must be modified to correct an apparent mistake in the computation of an appropriate and equal division of property. We modify only in this one particular.[2]

This is a 32-year marriage. Husband is 62; wife is 55. Pursuant to wife's proposed distribution in her pretrial memorandum, the marital property was divided as follows: Husband was awarded personal property already in his possession, valued at $30,855, including his Railroad Retirement account, which has a present value of $26,155. Wife was awarded personal property in the amount of $5,300. The difference between the two figures is $25,555. The family home was ordered sold and, in order to bring the division into balance, the trial court, in accordance with wife's suggestion, awarded her the first $12,777.50[3] (one-half of $25,555) of the cash proceeds to be received from the sale of the house. To complete the division, the remainder of the proceeds was to be distributed equally between the parties.

Evidently, the court—and wife—were envisioning this kind of formula:

| Wife | Husband |
|---|---|
| $ 5,300.00 personal property | $ 30,855.50 personal property |
| + 12,777.50 credit | − 12,777.50 Offsetting debit |
| $ 18,077.50 | $ 18,077.50 |

Then, by dividing the remaining proceeds from the sale of the

[1] Wife also contends that the trial court erred in not awarding a larger amount of spousal support until the real property sale closes. We are not persuaded.

[2] In the interest of time and expense for all concerned, the parties should have first sought reconsideration at the trial court level when such an obvious error in calculation had been made, if doing so had been consistent with bringing a timely appeal.

[3] The actual value of personal property which wife suggested be transferred was $14,000. However, the court correctly reduced the amount to $12,777.50, to reflect a debt owed by husband on one of the items.

house equally, each party would supposedly wind up with an equal share. Although it might look that way at first, it surely does not work out that way. As wife later discovered, she would come up $12,777.50 short.

The problems with that, as noted above, is that the original disparity involving the personal property awarded to the parties was $25,555. Awarding wife only the first $12,777.50 from the sale proceeds makes up for only half of the disparity.[4] To achieve true equality, wife is entitled to the first $25,555 from the house sale:

| Wife | Husband |
|---|---|
| $ 5,300 personal property | $30,855 personal property |
| 25,555 proceeds from house sale | |
| $30,855 | |

When the remaining proceeds from the sale are equally divided, both parties will have received what they and the court sought, an equal property division. As shown, the error may be easily corrected by simply modifying the decree to provide that wife be awarded the first $25,555 in cash from the sale of the parties' house.

However, husband contends that "the appropriate disposition of the property interest of the parties is to simply sell the residence and divide the proceeds equally." His underlying position seems to be that the retirement benefits should not have been included in the property division in the first place. In his cross-appeal, he argues that, if we agree with the trial court that his account is properly considered part of the calculation, wife's $343 per month benefit should be used as an offset to discount her claim against his retirement benefits.

■■ We reject husband's argument. We believe that the trial court quite properly considered his retirement account in the property division. Husband does not cite us to any federal legislation pertaining to the Railroad Retirement System (or any other law) which would prohibit the trial court from doing what it did. Regarding his suggestion of an offset, it should be

---

[4] The mere crediting of wife's account with $12,777.50 did not result in a corresponding debit to husband's account. Nothing changes the fact that he still would keep personal property valued at $30,855.50.

noted that wife's projected monthly benefit of $343, when she becomes 65, is subject to a corresponding reduction in Social Security benefits. Whatever the potential may be, there is nothing in this record to indicate, actuarially, the present value of that potential. Any attempt at developing an offset under those circumstances would be akin to subtracting a known amount of apples from an unknown amount of oranges.

Affirmed as modified to provide that wife be awarded the first $25,555 from the sale of the parties' home;[5] affirmed on cross-appeal. No costs to either party.

---

[5] There is no question that there is sufficient equity in the parties' home, which the court valued at $151,000, to satisfy this award.